**Slip Op. 03-120**

# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: GREGORY W. CARMAN, CHIEF JUDGE

|  |  |  |
|---|---|---|
| MAUI PINEAPPLE COMPANY, LTD., | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | Court No. 01-01017 |
| UNITED STATES, | : | |
| Defendant, | : | |
| and | : | |
| DOLE FOOD COMPANY, INC., DOLE PACKAGED FOODS COMPANY, and DOLE THAILAND, LTD., | : | |
| Defendant-Intervenors. | : | |

[Final Results of Redetermination Pursuant to United States Court of International Trade Remand Order are affirmed and the case is dismissed.]

*Collier Shannon Scott, PLLC* (*Paul C. Rosenthal, David C. Smith, Jr., Jennifer E. McCadney*), Washington, D.C., for Plaintiff.

*Robert D. McCallum, Jr.*, Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Lucius B. Lau*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Brent M. McBurney*, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Glenn R. Butterton*, Senior Attorney, Office of Chief Counsel for Import Administration, United States Department of Commerce, Of Counsel, for Defendant.

*Hale and Dorr LLP* (*Michael D. Esch, Aimen Mir*), Washington, D.C., for Defendant-Intervenors.

Dated: September 15, 2003

**OPINION**

**CARMAN, CHIEF JUDGE:** The Court holds that the Final Results of Redetermination Pursuant to United States Court of International Trade Remand Order ("*Remand Results*") are supported by substantial evidence or otherwise in accordance with law and affirms the *Remand Results*.

On June 16, 2003, this Court entered judgment affirming in part the Department of Commerce's ("Commerce") determination in *Notice of Final Results of Antidumping Duty Administrative Review and Recission* [sic] *of Administrative Review in Part: Canned Pineapple Fruit From Thailand*, 66 Fed. Reg. 52,744 (Oct. 17, 2001), and remanding in part for further proceedings. *Maui Pineapple Co., Ltd. v. United States*, 254 F. Supp. 2d 1244 (Ct. Int'l Trade 2003). The Court instructed Commerce to 1) consider Maui's arguments as to the interest rate used for Defendant-Intervenor's imputed credit expense and explain how the rate chosen is reflective of Defendant-Intervenor's creditworthiness and usual commercial behavior, and 2) determine whether there is a clerical error in Commerce's final margin program and make any necessary corrections. *Id.* at 1264. The Court gave Commerce until June 16, 2003 to file the remand results, and the parties were given until July 7, 2003 to file responses.

Commerce filed the *Remand Results* on June 16, 2003. In the *Remand Results*, Commerce decided not to use the surrogate interest rate it had used in the original results in light of Plaintiff's arguments and Commerce's own findings. Commerce listed its concerns with the rate previously used and some of the alternative rates considered. Ultimately Commerce decided to use an average commercial paper rate, the Bank of Canada 30-day prime corporate paper rate, as the surrogate interest rate for calculating Defendant-Intervenor's imputed credit expense because it best reflected Defendant-Intervenor's usual commercial behavior and creditworthiness.

Commerce also confirmed the clerical error pointed out by Plaintiff and made all requisite corrections, as well as corrections to two other clerical errors directly related to the one found by Plaintiff.

Upon reviewing the *Remand Results* and the record supporting the *Remand Results*, the Court finds that Commerce complied with the Court's remand order and its determination is supported by substantial evidence or otherwise in accordance with law. The parties do not oppose the Court's sustaining the *Remand Results*.

## CONCLUSION

The Court finds that Commerce's *Remand Results* are supported by substantial evidence or otherwise in accordance with law. Accordingly, the *Remand Results* are affirmed.

_____
Gregory W. Carman,
Chief Judge

Dated: September ____, 2003
New York, New York